Good morning. May it please the Court, my name is Pune Raffarian and I represent Mr. Jagmohan Singh. At this time, I'd like to reserve two minutes for rebuttal. Mr. Singh humbly requests that this Court remand his claim regarding asylum and withholding of removal in order to have them determined on its merits. Further, Mr. Singh requests that his petition be granted regarding protection under UN Convention against Torture. Mr. Singh's finding that his two misdemeanor convictions arising from the same incident constituted an aggravated felony. Mr. Singh Wasn't that a correct determination? Ms. Raffarian No, Your Honor. Mr. Singh Why not? Ms. Raffarian Because this Court under U.S. v. Polaris-Galan found the same conviction that Mr. Singh was convicted of did not constitute aggravated felony. Mr. Singh Not the same conviction. I don't think, Counsel, if you will note, in Polaris-Galan, the plea was to the annoy and molest count without the 314 and there was no factual determination at the time of the plea that there was any sexual conduct involved. In this case, we have an admission to lewd exposure of the genitalia on the part of Mr. Singh before a 10-year-old girl. Doesn't that change the case? Ms. Raffarian Your Honor, Mr. Under the Polaris-Galan case, the Petitioner was charged with three counts of 314 and dismissed. Mr. Singh Charged, but they were dismissed. Ms. Raffarian Yes, Your Honor. Mr. Singh And the only plea was to 646, correct? 0.7? Ms. Raffarian Yes, Your Honor. However, in this case, if you look at the modified categorical approach to assess this, California distinguishes between a felony conduct against a kid and children and a misdemeanor, and the threshold is touching of the kid. And the other factors that can be seen is that Mr. Singh never solicited the child. Mr. Singh did not touch the child. Mr. Singh, there's no indication on record that he has an abnormal sexual interest in children. There is no indication that he was aroused by the child. And his conviction was based on the testimony and statement of the victim, the 10-year-old child. Mr. Singh And so, I mean, isn't that typical in cases like this, that you have a victim who testifies as to what sexual conduct occurred in the circumstances that give rise to the  Ms. Raffarian Yes, Your Honor. However, they do obtain the statement of the offender as well. And here, the only statement that the officer made was that there was extreme language barrier with Mr. Singh because he spoke very little English. But he pleaded guilty, and the charge was lewdly exposing himself and the private parts thereof in a place where there were persons present, to wit, Brooke H., age 10. He pleaded guilty to that. Now you're trying to try the case, it seems. Ms. Raffarian No, Your Honor. I'm not. I'm just pointing out the factors to consider in considering this an aggravated felony or not. I'm not. Kennedy Didn't the BIA go through those factors? I mean, wasn't there an application of the modified categorical approach in this situation? Ms. Raffarian Your Honor, I don't believe they went thoroughly through all the factors to consider the fact that Kennedy What do you mean by thoroughly? I mean, they went through the factors. Ms. Raffarian Your Honor, the fact that Mr. Singh spoke very little English and Kennedy At what time? Ms. Raffarian At the time that the offense occurred. Kennedy Again, you're trying to go back and retry the offense, and he stands convicted by a guilty plea of it. I don't see how, especially here in the Ninth Circuit, under these circumstances, you can go back and try to retry the offense and tell us it really didn't happen. Ms. Raffarian Your Honor, I'm not trying to retry the offense. I'm just pointing out the factors that would state, that would show that it's not an aggravated felony. He got only 30 days jail time, and he was given three years probation. However, the cases that the BIA had raised had gotten 10 years conviction based on other state laws that I'm not familiar with that could not have the distinction. Kennedy What's the case or principle that says we can look to the actual sentence to determine whether it was an aggravated felony or not? Ms. Raffarian Your Honor, I believe that under the modified categorical approach, you look at not necessarily just at the sentence, but you look at the overall factors, including what the sentence was imposed, to show the severity of the crime. Kennedy And what case says you look at the sentence imposed? Ms. Raffarian Your Honor, I'm not – I don't have that on top of my head, if I can let you know, based on rebuttal. Further, Mr. Singh holds the – Mr. Singh asserts that since he – his two misdemeanors arising from the same incident did not raise to the level of aggravated felony, that he should not be barred from having his withholding of removal claim. The problem here is you're dealing with Ramirez-Castro that's already held at 1203.4. It doesn't require the result that you're asking us for. How do you get around Ramirez-Castro? Ms. Raffarian Your Honor, on that one, that's, I believe, the expungement, the 1203. Kennedy Isn't that the statute from which Singh benefited? Ms. Raffarian Yes, but the – Kennedy And we held in Ramirez-Castro that he remains convicted for immigration purposes. Ms. Raffarian Yes, Your Honor. Kennedy Has to do with things other than the validity of the conviction itself. Ms. Raffarian Yes, Your Honor. I'm not saying that his expungement, which has removed the conviction from his record, is why he did not commit an aggravated felony. I'm stating that his – the convictions themselves did not constitute aggravated felony. Kennedy I understand that, but how do you get around Ramirez-Castro? Ms. Raffarian The fact that his expungement is still considered for – his convictions are still – Kennedy Have you read Ramirez-Castro? Ms. Raffarian Parts of it, yes, Your Honor. Kennedy What do you mean, parts of it? Have you read it? I mean, be candid. Ms. Raffarian I've read the holdings in Ramirez-Castro. Kennedy Well, okay. Breyer How about Judge Ferguson's concurrence? Ms. Raffarian No, I just read the holdings. Breyer Well, I mean, doesn't he even – even Judge Ferguson's concurrence specifically says we have to look to what the consequences are or the benefits that were conferred as a result of 1203.4 and that under California law, it does not eliminate all consequences of conviction. In fact, substantial consequences remain so that in Ramirez-Castro, he added his voice to the judgment by indicating that under those circumstances, the petitioner stood convicted under immigration law for immigration purposes. Let me go back for just one second. I want to make sure I understand. It seems to me that you're arguing, first of all, that Polaris Galan controls. Is that correct? Ms. Raffarian Yes, Your Honor. Breyer And if you're wrong about that, then you lose, don't you? Ms. Raffarian Excuse me, I'm sorry. Breyer If you are incorrect in your interpretation of Polaris Galan, your appeal fails, does it not? Ms. Raffarian Your Honor, my – Breyer That's a yes or no question. Ms. Raffarian No, Your Honor, because there is no subsequent law that holds that such a misdemeanor would be considered aggravated felony. And – Breyer Well, but you're arguing that Polaris Galan says – that you rely on Polaris Galan for that proposition. That's all I'm trying to understand, that you argue on it for that proposition, and then from that proposition you say it can't be an aggravated felony, therefore we don't even need to get to 1203.4. Is that correct? Ms. Raffarian Your Honor, I believe that his crime, his two misdemeanor convictions, did not reach the level of an aggravated felony because it is not per se a sexual abuse of a minor. However uncomfortable and obscene Mr. Singh's actions were, there's no indication that he intended to touch the child or use the – showed an abnormal sexual interest in a child. He was flagged down by the police. Breyer You think that adult males exposing their genitalia to 10-year-old girls in a public place is a normal action that would not connote any sexual misconduct? Ms. Raffarian No, no, I did not say that, Your Honor. I said that it doesn't – Breyer What I heard – Ms. Raffarian Abnormal sexual interest in children. Breyer What does it show an abnormal interest in then, ice cream? Ms. Raffarian No, Your Honor, I'm not saying that his actions were not obscene and were not inappropriate at all. I'm just saying looking at the facts, you can see that he did not approach a child. The child flagged him down. The victim had dealt with him for over three years. Breyer Well, I don't want to get off in the details, but he was trolling in the neighborhood is what was going on, and he attracted the children to his ice cream cart. Ms. Raffarian Yes, Your Honor, but he had done the – driven the ice cream truck three years prior and never had an incident. And the same victim child had interactions with him over the three years, and I see that I've run out of time. Breyer Thank you, counsel. We appreciate your presentation. We'll hear the other side. You can tell we're familiar with the case, so you can go right to your points. Ms. Edison May it please the Court, Kristen Edison for the Attorney General. As Your Honors have noted, because the immigration judge in the board found that this case, that Mr. Singh's convictions constituted sexual abuse of a minor and thus aggravated felonies, this Court's jurisdiction is subject to the jurisdictional bar contained in 8 U.S.C. section 1252A2C. Breyer What's your reaction to the Polaris-Gallant argument that's made on the other side? Do you have anything you want to tell us about that? Ms. Edison Well, Your Honor, as set forth in our brief, we explain that Polaris-Gallant only said that Mr. Singh's conviction for molesting a child is not categorically, this Court held it is not categorically a sexual abuse of a minor. However, as explained in our brief, applying the modified categorical approach, the government's position that the immigration judge in board properly found that this was sexual abuse of a minor. So, Your Honor, Polaris-Gallant dealt only with one of Mr. Singh's convictions. However, he was also convicted of indecent exposure. And it's the government's position that even if this Court didn't find that both convictions, indecent exposure and annoying molesting a child, constituted sexual abuse of a minor, one of them would be sufficient for this Court to find that Mr. Singh was convicted of sexual abuse of a minor and, therefore, that his crime was an aggravated felony. Is that responsive to your question, Your Honor? Breyer Yes. I have a question about, I wasn't entirely clear on your additional submission on Afridi Gonzalez. I mean, as I read that case, it merely says that this Court has jurisdiction to determine whether the BIA applied the proper standard in making its determination. I think in that instance as to, I think in the situation of whether or not this was a particularly serious crime, did you mean to say anything other than that? I mean, because I read your papers to mean more than that, but that's all I think that the case stands for. And if we, once we exercise our jurisdiction and determine that the proper standard has been applied, then that's as far as we can go, isn't it? That's correct, Your Honor. I apologize if my additional citations was, if that was misleading. I only meant to inform the Court of its holding in Afridi. However, the government maintains as set forth in its brief that Metsuk is controlling this case because the immigration judge, because the immigration judge's discretionary denial is not reviewable by this Court. And your position is that the immigration judge applied the proper standard? Yes, Your Honor. I don't mean to waste this Court's time. I'm happy to conclude unless this Court has further questions. I don't think so. Thank you very much, counsel. Thank you. Actually, Your Honor, however, may I backtrack for two seconds? I just wanted to preserve the government's argument set forth in the brief that the Court also lacks jurisdiction over the Catt claim that pursuant to Section 1252C. How does that work? Your Honor, I just wanted to point out that 1252A2C applies to preclude relief also over the deferral claim because Mr. Singh's convictions were an aggravated felony. All right. Thank you very much. The case just argued is ordered submitted. Thank you both. Thank you, Your Honor. We'll get you a decision as quickly as we can.
judges: Schroeder, Trott, Feess